UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

LEXINGTON INTERNATIONAL, LLC,
a Florida limited liability company,

           Plaintiff,

v.

NUTRA-LUXE M.D., LLC,
a Florida limited liability company,

           Defendant.
_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY DEMAND**

**VERIFIED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, LEXINGTON INTERNATIONAL, LLC, a Florida Limited Liability Company ("Lexington" or "plaintiff"), by its undersigned counsel, alleges in its Complaint against defendant NUTRA-LUXE, M.D., LLC, a Florida Limited Liability Company ("Nutra-luxe" or "defendant"), as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of United States Patent Number 7,201,764 (hereinafter "the '764 Patent") arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

3. This Court has personal jurisdiction over the defendant pursuant to F.S. § 48.193 (1)(a)(1)-(2) in that the defendant is (1) operating, conducting, engaging in, and carrying on a business in the State of Florida and has an office in the State of Florida, and has (2) committed tortious acts within the State of Florida.

4. Venue is proper in this district under 28 U.S.C. §§1391(b)(2) as the defendant has committed acts of infringement within this District.

## THE PARTIES

5. Lexington is a Florida Limited Liability Company with its principal place of business at 777 Yamato Road, Suite 105, Boca Raton, Florida 33431.

6. Upon information and belief, defendant is a Florida Limited Liability Company having a principal place of business at 6835 International Center Blvd., Suite 5, Fort Myers, Florida 33912.

## FACTUAL BACKGROUND

### Lexington

7. Lexington is the owner by assignment of all rights, title and interest to the '764 Patent (Exhibit A), directed generally to an apparatus and method for stimulating human hair growth, by providing laser light to the scalp while parting the user's hair to ensure that the laser light contacts the user's scalp.

8. Lexington markets, distributes, and sells products embodying the inventions of the '764 Patent as the United States Food and Drug Agency ("FDA") cleared HAIRMAX LASERCOMB® medical devices. See www.hairmax.com. The commercial success of the HAIRMAX LASERCOMB® medical devices has been substantial and they resolve a long felt need.

**Nutra-luxe**

9. Nutra-luxe is in the business of providing hair loss and skin care treatments to men and women. To that end, Nutra-luxe is making and offering to sell a hair growth stimulating device called the "NutraStim Professional Hair Growth Laser Comb" ("NutraStim Laser Comb"). The NutraStim Laser Comb is marketed as a "handheld, cordless and easy to user Hair Laser Comb intended to promote hair growth." See http://www.nutraluxemd.com/nutrastim-pro-hair-laser-comb/.

10. On June 13, 2014, Nutra-luxe filed two 510(k) premarket notification applications for the NutraStim Laser Comb, 510(k) Nos.: K141588 and K141596 (Exhibit B). Each of those applications disclosed to the FDA that the NutraStim Laser Comb was substantially equivalent to Lexington's HairMax Pro 12 LaserComb and 1) has the same indicated use; 2) has the same laser modules; 3) has similar hair parting teeth; 4) uses the same operating principle; 5) has a similar device design and physical properties; 6) incorporates the same materials; 7) utilizes the same treatment duration; and 8) utilizes a similar treatment regimen.

11. Defendant's NutraStim Laser Comb competes directly with Lexington's HAIRMAX LASERCOMB® medical devices.

12. On information and belief, defendant knew of Lexington and its patents at least as early as June 13, 2014.

13. On or about October 23, 2015, Lexington's counsel obtained defendant's NutraStim Laser Comb, and the accompanying instruction manual, compared it to the claims of the '764 Patent, and prepared a claim chart for an exemplary infringed claim of the '764 Patent (Exhibit C).

14. On November 11, 2015, undersigned counsel shared the claim chart with Mr. Peter Von Berg, who is listed on sunbiz.org as the managing member of defendant's company.

15. Defendant has continued to sell the NutraStim Laser Comb to the detriment of Lexington.

## COUNT I – PATENT INFRINGEMENT OF U.S. PATENT NO. 7,201,764

16. Lexington re-alleges and incorporates paragraphs 5-15 from above.

17. Defendant has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '764 Patent by making, using, offering to sell and/or selling the infringing products and associated components in the United States without authority and in violation of 35 U.S.C. §271(a).

18. Defendant's infringement of the '764 Patent has been willful and deliberate.

19. Defendant's infringement of the '764 Patent will continue unless enjoined by this Court.

20. As a direct and proximate result of defendant's infringement of the '764 Patent, Lexington has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Lexington is entitled to relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests the Court:

    A.    Enter a judgment that defendant has infringed the '764 Patent.

    B.    Order defendant to pay damages to adequately compensate Lexington for defendant's patent infringement, including an award of defendant's profits from its infringement of the '764 Patent as well as Lexington's lost profits, together with pre- and post-judgment interest.

    C.    Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining defendant and its respective officers, agents, servants, employees, attorneys, customers, licensors, suppliers and those in concert or participation with it from any further sales, offers for sale, importation or use of infringing products and services and any other infringement of the '764 Patent.

    D.    Find that defendant's patent infringement was willful and malicious and award treble damages to Lexington under 35 U.S.C. §284.

    E.    Find this to be an exceptional case of patent infringement under 35 U.S.C. §285 and award reasonable attorneys' fees, costs, and expenses incurred by Lexington in prosecuting this action.

    F.    Award such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: December 08, 2015                    Respectfully submitted,

**CHRISTOPHER & WEISBERG, P.A.**

By:   /s Garrett Ari Barten
      Alan M. Weisberg, Esq.
      Fl. Bar No. 0479349
      aweisberg@cwiplaw.com
      Garrett Ari Barten, Esq.
      Fl. Bar No. 55371
      gbarten@cwiplaw.com
      200 East Las Olas Boulevard
      Suite 2040
      Fort Lauderdale, Florida 33301
      Tel.: (954) 828-1488
      Fax.: (954) 828-9122
      *Attorneys for Plaintiff*

694708

## VERIFICATION

I have read the foregoing document and know its contents.

I am the Managing Director of Lexington International, LLC, the Plaintiff in this action. I am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8 day of December, 2015.

LEXINGTON INTERNATIONAL, LLC

_____
David Michaels, Managing Director